# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on December 6, 2019

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.:** |
| v. | **Grand Jury Original** |
| **ROY GEORGE VARKEY,** | **18 U.S.C. § 201(b)(1)(A) (Bribery)** |
| Defendant. | **18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Criminal Forfeiture)** |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times material to this Indictment:

1. Defendant **ROY GEORGE VARKEY ("GEORGE")** resided in Kuwait City, Kuwait.

2. **GEORGE** served as the Chief Executive Officer and General Manager of Government Contractor 1, a company with offices in Kuwait City, Kuwait; Doha, Qatar; and Kochi, India.

3. Government Agency 1 is a component of the U.S. Department of Defense ("DOD") based in Virginia.

4. Unit 1 of Government Agency 1 is responsible for the disposal of excess DOD personal property, foreign excess personal property, scrap, hazardous waste, and property requiring demilitarization. Unit 1 maintains offices on Camp Arifjan and Camp Buehring, U.S. Army installations in Kuwait.

5.   Materials designated for disposition by Unit 1 were sent from U.S. military installations around the Middle East to Camp Arifjan and Camp Buehring for demilitarization. Unit 1 engaged local contractors, including Government Contractor 1, to remove the demilitarized materials.

6.   On or about May 10, 2019, Unit 1 awarded a "scrap sales contract" to Government Contractor 1 (the "Contract"). Under the terms of the Contract, Government Contractor 1 was allowed to remove no less than 7 million pounds of demilitarized materials from Camp Arifjan and Camp Buehring between approximately July 1, 2019 and December 31, 2019. Government Contractor 1 was entitled to keep whatever value it could derive on the open market from the demilitarized materials, which ensured that the Contract was of substantial value to Government Contractor 1.

7.   Public Official 1 was a Sales Contracting Officer employed by Unit 1 of Government Agency 1 and deployed to Camp Arifjan from approximately early 2019 to approximately December 11, 2019.

8.   Management of the Contract was within the scope of Public Official 1's official duties on behalf of Government Agency 1. Public Official 1 was designated a "point of contact" for Government Contractor 1 under the terms of the Contract. Public Official 1 was responsible for overseeing Government Contractor 1's performance on the Contract, which included issuing work orders to Government Contractor 1, aiding Government Contractor 1 personnel in accessing the U.S. installations, escorting Government Contractor 1 personnel while on the U.S. installations, being present during the removal of scrap materials, and directing the loading of scrap materials onto Government Contractor 1's vehicles.

9.   As set forth below, **GEORGE** offered and paid money to Public Official 1 in exchange for (a) Public Official 1's assistance in allowing Government Contractor 1 preferential access to scrap

materials on U.S. installations in Kuwait, which would include allowing Government Contractor 1 to remove items including construction cranes and generators not designated for removal and/or prior to their demilitarization; (b) assistance in extending the Contract; and (c) assistance in steering additional Government Agency 1 contracts to Government Contractor 1.

10.     Between on or about August 31, 2019 and on or about December 8, 2019, **GEORGE** offered a total of approximately $15,000 to Public Official 1 in at least five installments.

11.     In addition to making several smaller cash payments to Public Official 1, on or about October 20, 2019, **GEORGE** promised to pay $100,000 to Public Official 1 if Government Contractor 1 was awarded an extension of the Contract, or a follow-on contract, by Government Agency 1. As the first installment of the promise $100,000, on or about November 6, 2019, **GEORGE** wired approximately $2,020 to a bank account in the United States.

12.     To conceal his efforts to influence Public Official 1, **GEORGE** directed Public Official 1 not to disclose the fact or nature of their relationship and requested that their meetings occur at Public Official 1's residence or elsewhere outside of Camp Arifjan.

## COUNT ONE
### Bribery of a Public Official
### (18 U.S.C. §§ 201(b)(1)(A) and 2)

13.     Paragraphs 1 through 12 of the General Allegations section of this Indictment are alleged and incorporated by reference as if set out in full.

14.     Beginning on or about August 31, 2019 and continuing through on or about December 8, 2019, out of the jurisdiction of any particular State or district, Defendant **GEORGE** corruptly gave, offered, and promised something of value to Public Official 1, a public official, with intent to influence official acts as opportunities arose; that is, Defendant **GEORGE** corruptly offered Public Official 1 regular cash payments in exchange for allowing Government Contractor 1

preferential access to scrap materials and for aiding Government Contractor 1 in extending the Contract and obtaining future U.S. Government contracts.

All in violation of Title 18, United States Code, Sections 201(b)(1)(A) and 2.

## COUNT TWO
### Bribery of a Public Official
**(18 U.S.C. §§ 201(b)(1)(A) and 2)**

15. Paragraphs 1 through 12 of the General Allegations section of this Indictment are alleged and incorporated by reference as if set out in full.

16. On or about October 20, 2019, out of the jurisdiction of any particular State or district, Defendant **GEORGE** corruptly gave, offered, and promised something of value to Public Official 1, a public official, with intent to influence an official act; that is, Defendant **GEORGE** corruptly offered Public Official 1 a $100,000 cash payment in exchange for authorizing or influencing the authorization of an extension of the Contract or directing a future contract to Government Contractor 1.

All in violation of Title 18, United States Code, Sections 201(b)(1)(A) and 2.

## FORFEITURE ALLEGATION
**(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))**

17. The General Allegations and the allegations of Counts 1 through 2 are alleged and incorporated fully herein by reference for the purpose of alleging forfeiture to the United States of America of certain property in which Defendant **GEORGE** has an interest.

18. Upon conviction of the offense alleged in Counts 1 through 2 of this Indictment, Defendant **GEORGE** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

19.     The property subject to forfeiture includes, but is not limited to, the value of the Contract to Government Contractor 1.

20.     If any of the property described above, as a result of any act or omission of Defendant **GEORGE**:

>   a. cannot be located upon the exercise of due diligence;
>
>   b. has been transferred, sold to, or deposited with a third party;
>
>   c. has been placed beyond the jurisdiction of the Court;
>
>   d. has been substantially diminished in value; or
>
>   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the above forfeitable property, and in addition, to require the defendant to return any such property to the jurisdiction of the Court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
Foreperson

ROBERT A. ZINK
Chief, Fraud Section
Criminal Division
United States Department of Justice


By: _____
      Michael P. McCarthy
      Trial Attorney, Fraud Section